IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KIRK ARTERBERRY | § | |
| VS. | § | CIVIL ACTION NO. 9:16-CV-99 |
| MANAGEMENT AND TRAINING CORPORATION ("MTC") AND DANIEL DRISKELL | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff, Kirk Arterberry, an inmate formerly confined at the Diboll Unit, filed the above-referenced civil rights action pursuant to 42 U.S.C. § 1983 against defendant Brad Livingston, among other defendants.

BACKGROUND

On January 5, 2017, this Court entered an order dismissing defendant Livingston from the above-referenced lawsuit (docket entry no. 15). On August 3, 2017, defendant Livingston filed a Motion to Alter Judgment (docket entry no. 21). In this Motion, defendant Livingston requests the Court amend the judgment to include specific language to ensure its finality. Plaintiff has no objection to this motion.

ANALYSIS

Federal Rule of Civil Procedure 54(b) states the following:

(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief – whether as a claim, counterclaim, cross claim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, an order or other decision, however designated, that adjudicates fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). In order for a court to direct an entry of a final judgment upon one or more though not all claims, there must be "an express determination that there is no just reason for delay"

and "an express direction for the entry of judgment." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 434-35 (1956). Without these two requirements, the order "which adjudicates less than all the claims shall not terminate the action as to any of the claims" and "is subject to revision at any time." *Id*.

This Court's prior order dismissing plaintiff's claims against defendant Livingston does not state that there is no just reason for delay nor does it contain an express direction for the entry of judgment. Without these two elements, the order lacks finality and cannot terminate the action against defendant Livingston despite the language granting dismissal.

ORDER

Defendant Livingston's Motion to Alter Judgment (docket entry no. 21) is **GRANTED**. There is no just reason for delay of dismissal and the Court directs entry of judgment as to Defendant Livingston. It is **ORDERED** that Defendant Livingston is hereby finally **DISMISSED** from this lawsuit and the action against him is terminated. Defendant Livingston's prior Motion to Sever and Enter a Final Judgment (docket entry no. 16) is **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **26** day of **January, 2018.**

Ron Clark, United States District Judge